# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 69

**APRIL TERM, A.D. 2014**

**May 29, 2014**

MOUNTAIN REGIONAL SERVICES, INC.,

Appellant
(Petitioner),

v.

No. S-13-0198

STATE OF WYOMING, ex rel., DEPARTMENT
OF HEALTH,

Appellee
(Respondent).

*Appeal from the District Court of Uinta County*
*The Honorable Dennis L. Sanderson, Judge*

*Representing Appellant:*

> Ariel C. Calmes and Mark W. Harris, Harris Law Office, P.C., Evanston, Wyoming. Argument by Ms. Calmes.

*Representing Appellee:*

> Peter K. Michael, Attorney General; Robin Sessions Cooley, Deputy Attorney General; Clyde W. Hutchins, Jr., Senior Assistant Attorney General. Argument by Mr. Hutchins.

*Before KITE, C.J., and HILL, BURKE, DAVIS, and FOX, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Justice.**

[¶1]    Mountain Regional Services, Inc., (MRSI) provides services to individuals who receive certain medical benefits administered by the Wyoming Department of Health. The Department issued a "Provider Bulletin" concerning these benefits, and MRSI filed a petition in the district court seeking judicial review of the bulletin.  The Department filed a motion to dismiss, which the district court granted on the bases that the matter was not ripe and MRSI did not exhaust its administrative remedies before seeking judicial review. MRSI appealed the dismissal.  We will affirm the district court's ruling.

*ISSUES*

[¶2]    MRSI presents a single issue:

> 1.    Did the district court act contrary to law when it dismissed MRSI's petition for judicial review for failure to exhaust administrative remedies?

The Department presents two issues:

> 1.    Should MRSI's petition for judicial review be dismissed for lack of ripeness?

> 2.    Should MRSI's petition for judicial review be dismissed for failure to exhaust administrative remedies?

*FACTS*

[¶3]    Pursuant to the Wyoming Medical Assistance and Services Act,[1] Wyoming's Department of Health pays for medical services and supplies received by eligible adults and children with intellectual disabilities or acquired brain injuries.  MRSI provides services to the individuals who participate in these programs.  The Department establishes a budget for each individual who receives benefits through these programs.  A request to increase the budget amounts may be submitted on behalf of an individual receiving benefits.  The Department may approve such an increase for a variety of listed reasons.

[¶4]    On January 9, 2013, the Department issued a "Provider Bulletin" with information

---

[1] Wyo. Stat. Ann. § 42-4-101 through § 42-4-208 (LexisNexis 2013).

about applying for increased benefits, and about factors the Department will consider when deciding to grant or deny such an application. On February 8, 2013, MRSI filed a petition for review in which it challenged the validity of the bulletin. Its primary contention was that the bulletin grants the Department "discretion as to whether to review any request for additional funding," in contradiction to the Department's regulations making such review mandatory.

[¶5]    The Department filed a motion to dismiss. MRSI opposed the motion. After a hearing, the district court concluded that the matter was not ripe for judicial review, and that MRSI had not exhausted its administrative remedies prior to filing its petition for review. The district court granted the motion to dismiss, and MRSI appealed that decision.

## DISCUSSION

[¶6]    As a preliminary step in resolving this case, it is helpful to review the distinction between substantive rules and interpretive rules. In the administrative law context:

> A substantive rule or "legislative-type rule" is one "affecting individual rights and obligations"; it is the administrative equivalent of a statute, compelling compliance with its terms. . . . Substantive rules . . . create law just as the statute itself does, by changing existing rights and obligations. An interpretive rule is a clarification or explanation of existing laws or regulations, rather than a substantive modification of them. Interpretive rules are statements as to what the agency thinks a statute or regulation means; they are statements issued to advise the public of the agency's construction of the law it administers.

Bernard Schwartz, *Administrative Law* § 4.6, 158-59 (2d ed. 1984) (footnotes omitted). *See also Battlefield, Inc. v. Neely*, 656 P.2d 1154, 1159-60 (Wyo. 1983). The Wyoming Administrative Procedure Act recognizes the two types of rules, providing that specific procedures must be followed in order to adopt, amend, or repeal a substantive rule, while "interpretative rules or statements of general policy" are exempt from these formal procedures. Wyo. Stat. Ann. § 16-3-103(a).

[¶7]    In this case, the Department characterizes the bulletin as an interpretive rule. That is why it issued the bulletin informally instead of following the formal procedures for promulgating a substantive rule. The Department's substantive regulations provide for the issuance of interpretive rules in the form of manuals or bulletins:

2

> The [Department] may issue Provider Manuals, Provider Bulletins, or both, to providers and/or other affected parties to interpret the provisions of this Chapter. Such Provider Manuals and Provider Bulletins shall be consistent with and reflect the policies contained in this Chapter. The provisions contained in Provider Manuals or Provider Bulletins shall be subordinate to the provisions of this Chapter.

Wyoming Department of Health, Medicaid Rules, ch. 41, § 2(c).

[¶8] MRSI contends, to the contrary, that the bulletin is a substantive rule issued "under the guise of a provider bulletin." According to MRSI, the bulletin grants discretion to refuse to review a request for additional funding, which is inconsistent with existing regulations requiring the Department to review such requests. It was improper for the Department to promulgate this change, MRSI asserts, without following the formal procedures required for the promulgation of substantive rules.

[¶9] The district court concluded that the issue was not ripe for adjudication, and so did not decide whether the bulletin constitutes a substantive rule or an interpretive rule. However, a substantive rule is subject to judicial review whether or not the rule has been applied, while an interpretive rule "is not subject to judicial review unless it is relied upon or applied to support an agency action in a particular case." *American Tort Reform Ass'n v. Occupational Safety & Health Admin.*, 738 F.3d 387, 390 (D.C. Cir. 2013).[2] Accordingly, it is necessary to decide whether the bulletin is a substantive rule or an interpretive rule in order to determine whether the district court was correct that MRSI's petition was not ripe for judicial review.

[¶10] Whether a rule is substantive or interpretive "is largely a legal, not a factual, question." *General Electric Co. v. Environmental Protection Agency*, 290 F.3d 377, 380 (D.C. Cir. 2002). It does not matter how the agency characterizes the rule. *American Tort Reform*, 738 F.3d at 395 ("[I]f an agency issues a statement that is labeled an interpretative rule . . . and it has all of the indicia of a [substantive] rule, then the rule will be subject to [judicial] review."). What matters is the legal effect of the rule.

[¶11] The distinction between substantive rules and interpretive rules has been

---

[2] In situations where the Wyoming Administrative Procedure Act contains provisions similar to those of the federal Administrative Procedure Act, we have recognized the persuasive authority of federal precedent. *See, e.g.*, *Story v. Wyoming State Board of Medical Examiners*, 721 P.2d 1013, 1019 (Wyo. 1986). Both Acts provide that substantive rules are subject to formal rulemaking procedures, but interpretive rules are not. *Compare* Wyo. Stat. Ann. § 16-3-103(a), *with* 5 U.S.C.A. § 553(b).

characterized as tenuous, blurred, and fuzzy. *McLouth Steel Products Corp. v. Thomas*, 838 F.2d 1317, 1320 (D.C. Cir. 1988). However, the key distinction is that substantive rules have binding legal effect, while interpretive rules do not. An agency is legally required to comply with its substantive rules, while an interpretive rule gives the agency discretion to apply it or not. *Id*. In *Battlefield, Inc.*, 656 P.2d at 1159, we quoted this explanation:

> In Schwartz, Administrative Law, § 58, p. 154, the author says:
>
> > "* * * * A substantive rule is the administrative equivalent of a statute, compelling compliance with its terms on the part of those within the agency ambit. Substantive rules are issued pursuant to statutory authority and implement the statute; they create law just as the statute itself does, by changing existing rights and obligations. An interpretative rule is a clarification or explanation of existing laws or regulations, rather than a substantive modification of them. Interpretative rules are statements as to what the agency thinks a statute or regulation means; they are statements issued to advise the public of the agency's construction of the law it administers."

(Emphasis omitted.) *See also Wyoming Mining Ass'n v. State*, 748 P.2d 718, 724 (Wyo. 1988) ("[I]nterpretive rules and general statements of policy do not establish binding norms which are finally determinative of anyone's rights."); *In re Matter of GP*, 679 P.2d 976, 997 (Wyo. 1984) ("We hold, then, that Natrona County DPASS was not bound by the interpretative rule or guideline in the Social Services Manual, since the guideline was not the equivalent of a duly promulgated rule or regulation having the force of law.").

[¶12] There are two criteria for identifying an interpretive rule. First, an interpretive rule is one that "does not have 'a present-day binding effect,' that is, it does not 'impose any rights and obligations.'" Second, an interpretive rule "'genuinely leaves the agency and its decisionmakers free to exercise discretion.'" *McLouth Steel Products*, 838 F.2d at 1320 (quoting *Community Nutrition Institute v. Young*, 818 F.2d 943, 946 & n.4 (D.C. Cir. 1987)).

[¶13] We now apply that test to the Department's bulletin. In paragraph 7 above, we quoted the Department's Medicaid Rule providing that the Department may issue manuals or bulletins "to interpret the provisions of this Chapter." This Rule requires such manuals and bulletins to be "consistent with and reflect the policies" of the Rules, and explicitly provides that manuals and bulletins "shall be subordinate" to the Rules.

4

Accordingly, if there is a conflict between the bulletin and the Rules, as MRSI contends, the bulletin is subordinate to the Rules. The Department is legally bound to comply with the Rules, but not with any inconsistent provision of the bulletin. Under the Department's regulations, the bulletin lacks binding effect, and the Department has discretion to vary from the subordinate provisions of the bulletin. We therefore conclude that the bulletin is an interpretive rule, not a substantive rule.

[¶14] The rule set forth in *American Tort Reform*, 738 F.3d at 390, is that an interpretive rule is not ripe for judicial review until after it is applied or relied upon by the Department. Because an agency is not legally bound to comply with an interpretive rule, it may or may not follow it in any particular case. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (quoting *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 1259, 140 L.Ed.2d 406 (1998)). We will apply the rule from *American Tort Reform* in this case because its reasoning is consistent with our previous discussions regarding ripeness in the context of agency decisions:

> The doctrine of ripeness is a judicially created limitation of the availability of judicial review in administrative law cases.
>
> [I]ts basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.
>
> *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691-692 (1967).

*BHP Petroleum Co. v. State*, 766 P.2d 1162, 1164-65 (Wyo. 1989).

[¶15] We also said in *BHP Petroleum* that we "evaluate ripeness in two prongs, which include, first, an evaluation of the fitness of the issues presented for judicial review and, second, an evaluation of the hardship to the parties if judicial review is denied." *Id.* at 1165. Our conclusion that the bulletin is an interpretive rule, not legally binding on the Department, indicates that the issues presented are not fit for judicial review. MRSI maintains, however, that judicial review should be allowed because of the hardship it will suffer if judicial review is denied. MRSI contends that it will suffer harm that is "capable of repetition, yet evading review." We note that in the case cited by MRSI, *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998), this doctrine was

5

invoked to avoid mootness, not lack of ripeness. This is usually the case. *See, e.g., Operation Save America v. City of Jackson*, 2012 WY 51, ¶ 23, 275 P.3d 438, 449 (Wyo. 2012) ("If a case presents a 'controversy capable of repetition yet evading review,' we may rule on the matter despite its technical mootness."). Still, we can use similar concepts to evaluate MRSI's position as to the hardship of denying judicial review.

[¶16] MRSI contends that the bulletin provides the Department "discretion as to whether to review any request for additional funding." MRSI postulates that the Department may invoke this discretion and refuse to review an application for increased benefits, "and then attempt to avoid the court's purview by arguing, as it did in its Motion to Dismiss in the current proceeding, that no appealable agency action has occurred." However, "Wyoming case law holds that after a reasonable period of time, agency inaction is deemed a denial of a request, so as to authorize judicial review of agency inaction under the Administrative Procedure Act." *Town of Evansville Police Dep't v. Porter*, 2011 WY 86, ¶ 11, 256 P.3d 476, 481 (Wyo. 2011). This rule is also embodied in our statutes. Wyo. Stat. Ann. § 16-3-114 expressly provides for judicial review of "agency action or inaction." It is further confirmed in our appellate rules. W.R.A.P. 12.01 expressly applies to "agency action or inaction."

[¶17] The Department's substantive rules provide that an applicant may request an administrative hearing "if the application is denied or not acted upon within the time frames as specified by the Department rules." Wyoming Medicaid Rules, ch. 4, § 4(a). If an application is not reviewed by the Department, MRSI can seek an administrative hearing. If an administrative hearing is delayed for an unreasonable period of time, MRSI may file a petition for judicial review of the Department's inaction. *Harris v. Schuetz*, 948 P.2d 907, 908 (Wyo. 1997). The issues raised by MRSI will not evade review, and in the meantime, MRSI will suffer no harm by the denial of judicial review. Our analysis under the second prong of the ripeness test confirms our conclusion that this case is not ripe for review.

[¶18] Because the district court correctly concluded that the matter was not ripe for review, it properly granted the Department's motion to dismiss MRSI's petition for judicial review. It is therefore unnecessary to consider the issue of exhaustion of administrative remedies. The district court's order dismissing MRSI's petition for judicial review is affirmed.